UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RAHKIM BLAKE,                                    :
                                                 :
                        *Plaintiff*              :
v.                                               :        C.A. No. 21-
                                                 :
CITY OF PROVIDENCE, by and                       :
Through                                          :
its Treasurer JAMES J. LOMBARDI,                 :
alias; and JASON ANDRADE, alias,                 :
individually and in his official capacity        :
as a police officer in the City of Providence    :
Police Department; and, WILLIAM F.               :
HUTCHINSON, alias,                               :
individually and in his official capacity        :
as a police officer in the City of Providence    :
Police Department                                :
                        *Defendants*             :

## COMPLAINT

### I.   Introductory Statement

1.      This action is brought by Plaintiff Rahkim Blake ("Plaintiff") seeking declaratory and injunctive relief and compensatory and punitive damages for acts and/or omissions of Defendants committed in violation of Plaintiff's right to be free from unreasonable search and seizure, including freedom from excessive force, actionable pursuant to 42 U.S.C. §1983 and Article I, §6 of the Rhode Island Constitution, directly actionable in accordance with *Jones v. State of Rhode Island*, 724 F. Supp. 25 (D.R.I. 1989), as well as for common law assault and battery, false arrest/imprisonment and malicious prosecution.

### II.   Parties

2.      Plaintiff is a resident of the City of Brockton, County of Plymouth and Commonwealth of Massachusetts.

3.      Defendant City of Providence ("Defendant Providence" or "Defendant City") is a municipal corporation duly authorized and organized under the laws of the State of Rhode Island

and is sued by and through its Treasurer, James J. Lombardi, alias, the official designated by state law, R.I.G.L. §45-15-5, to be named in a suit for relief against Defendant City.

4.       Defendant Jason Andrade, alias ("Defendant Andrade"), is sued individually and in his official capacity as a police officer in the Defendant Providence Police Department.

5.       Defendant William F. Hutchinson, alias ("Defendant Hutchinson"), is sued individually and in his official capacity as a police officer in the Defendant Providence Police Department.

### III.    Jurisdiction

6.       This Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1343, 1367, 2201 and 2202 and 42 U.S.C. § 1983.

### IV.    Venue

7.       Venue is proper in this Court insofar as, on information and belief, all of the Defendants reside or may be found in the District of Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.  Venue is also proper because all of the acts and/or omissions giving rise to the claims herein occurred in the District of Rhode Island.

### V.    Material Facts

8.       On the evening of April 7, 2018, Plaintiff traveled from the City of Brockton to meet family members at a club known as the Foxy Lady on 318 Chalkstone Avenue in the City of Providence.

9.       After arriving at the Foxy Lady, Plaintiff spotted family members standing in line to enter the club.

10.      Plaintiff approached his family members and embraced them.

11.      As he embraced his family members, Defendant Hutchinson grabbed Plaintiff and ordered him to go to the back of the line;

12.     As Plaintiff attempted to explain himself to Defendant Hutchinson, Detective Hutchinson ordered Plaintiff to "get the fuck out of here" and told Plaintiff he would not allow him into the club;

13.     When Plaintiff asked for an explanation from Defendant Hutchinson, Defendant Hutchinson grabbed Plaintiff by the shirt and attempted to knock him to the ground.

14.     As Defendant Hutchinson knocked Plaintiff to the ground, Defendant Andrade placed Defendant in a chokehold.

15.     The chokehold maneuver employed by Defendant Andrade and assisted by Defendant Hutchinson cut off Plaintiff's circulation and rendered him unable to breathe.

16.     After employing the chokehold maneuver, Defendant Andrade and Defendant Hutchinson arrested Plaintiff and charged him with assaulting Defendant Hutchinson in violation of R.I.G.L. § 11-5-3, resisting arrest in violation of R.I.G.L. § 12-7-10 and carrying a concealed weapon to wit a knife with a blade over three inches in violation of R.I.G.L. § 11-47-12.

17.     In addition to Defendants Hutchinson and Andrade, several Providence Police Officers were on scene at the time of the incident with Plaintiff on April 7, 2018 including Providence Police Officer Matthew Rousseau, Providence Police Officer Tyler Calandra, Providence Police Officer Kalvin Rosado, Providence Police Officer Williams, Providence Police Sergeant Sical, and Providence Police Lieutenant Fallon.

18.     None of the police officers on the scene including Defendant Andrade and Defendant Hutchinson had their body cameras turned on.

19.     Following his arrest, Plaintiff appeared for arraignment at the Sixth Division District Court located at the J. Joseph Garrahy Judicial Center on One Dorrance Plaza in Providence, Rhode Island on April 11, 2018;

20.     The Sixth Division District Court set Plaintiff's bail at $3000 with surety.

21.     Plaintiff appeared for Pretrial Conferences in the Sixth Division District Court on April 25, 2018 and May 16, 2018.

22.     Prior to the May 16, 2018 Pretrial Conference, Plaintiff obtained video of the incident involving himself and Defendant Andrade and Defendant Hutchinson outside the Foxy Lady;

23.     The video corroborated Plaintiff's version of events.

24.     After viewing the video, the attorney for the City of Providence, assigned to prosecute Plaintiff, dismissed all of the charges against him pursuant to Rhode Island District Court Rule of Criminal Procedure 48A.

25.     Following the dismissal, Plaintiff attempted to seek remuneration from the City of Providence by sending the City of Providence a demand letter pursuant to R.I.G.L. § 45-15-5.

26.     Plaintiff has yet to receive any sort of compensation, restitution or remuneration from Defendant Providence, Defendant Hutchinson or Defendant Andrae.

### *Municipal Liability*

27.     As detailed above, Defendant Providence police apparently were and currently remain unaware of the constitutionally protected rights of individuals to be free from illegal search and seizure, including freedom from excessive force.

28.     Defendant Providence failed to properly select, train, instruct, supervise and/or discipline its police officers relative to the rights of individuals provided under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure and the application of excessive force.

29.     On information and belief, during all relevant time periods, a custom or policy existed in the Defendant City Police Department wherein the Defendant City acquiesced to, permitted, condoned, encouraged and/or was deliberately indifferent to the deprivation of

constitutionally protected rights of individuals caused by unreasonable search and seizure and the application of excessive force.

30.     Defendants knew or should have known that under the circumstances and based on well-settled law, it was unlawful for Defendants to seize and subject Plaintiff to the application of excessive force, particularly the type of force administered herein that restricted his ability to breathe.

31.     Despite such knowledge, Defendant Providence, by and through its policy-making officials and agents, approved, acquiesced to, condoned, intentionally ignored, and/or were deliberately indifferent to such practices, and failed to change or eliminate such unlawful customs or policies.

### *Intentional Conduct*

32.     At all relevant times, Defendants acted intentionally, willfully, maliciously, and/or with deliberate, reckless, or callous indifference to Plaintiff's clearly established constitutional rights.

33.     Furthermore, at all relevant times, Defendants knew or should have known that their conduct would cause or contribute to the deprivation of Plaintiff's clearly established constitutional rights.

34.     At all relevant times, Defendants were motivated by malice, wantonness and/or willfulness of an extreme nature.

### *Harm and Damages*

35.     As a direct and proximate result of the Defendants' acts and/or omissions, including but not limited to those described herein, Plaintiff has suffered and will continue to suffer personal injury, pain and suffering, emotional distress, continuing fear of excessive force

being used against him, loss of income, loss of liberty, injury to his reputation, deprivation of his constitutional and common law rights, and has been forced to incur expenses for legal services.

**VI.    Claims for Relief**

36.    Plaintiff incorporates in the counts below the allegations contained in ¶¶1 through 82 above.

**COUNT ONE**

*Excessive Force in Violation of the Fourth and Fourteenth Amendment Right to be Free From Unreasonable Search and Seizure Actionable Pursuant to 42 U.S.C. §1983*

37.    Defendants, acting under the color of state law, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, violated Plaintiff's right to be free from unreasonable search and seizure by, among other things, the application of excessive, unreasonable and unjustified force against Plaintiff, causing Plaintiff to suffer harm as aforesaid, and have thereby deprived Plaintiff of rights secured under the Fourth and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

**COUNT TWO**

*Excessive Force in Violation of Right to be Free From Unreasonable Search and Seizure in Violation of Article I, §6 of the Rhode Island Constitution*

38.    Defendants, acting under the color of state law, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, violated Plaintiff's right to be free from unreasonable search and seizure by, among other things, the application of excessive, unreasonable and unjustified force against Plaintiff, causing Plaintiff to suffer harm as aforesaid, and have thereby deprived Plaintiff of rights secured under Article I, §6 of the Rhode Island Constitution, directly actionable in accordance with *Jones v. State of Rhode Island*, 724 F. Supp. 25 (D.R.I. 1989).

## COUNT THREE
### *Common Law Assault*

39.     Defendants, by their acts and/or omissions, including but not limited to those described herein, placed Plaintiff in reasonable fear of imminent bodily harm, and thereby committed an assault upon Plaintiff, causing Plaintiff to sustain harm as aforesaid.

## COUNT FOUR
### *Common Law Battery*

40.     Defendants, by their acts and/or omissions, including but not limited to those described herein, intended to cause and in fact caused a harmful and offensive touching of and trauma upon Plaintiff's body without consent or privilege, and thereby committed a battery upon Plaintiff, causing Plaintiff to sustain harm as aforesaid.

## COUNT FIVE
### False Arrest/Imprisonment in violation of the Right of Freedom From Unreasonable Search and Seizure in violation of 42 U.S.C. § 1983

41.     Defendants, acting under the color of state law, by their individual and/or concerted acts and/or omissions including but not limited to those described herein, have violated Plaintiff's right to freedom from unreasonable search and seizure, causing Plaintiff to suffer harm as aforesaid, and have thereby deprived Plaintiff of rights secured under the Fourth and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. § 1983.

## COUNT SIX
### False Arrest/Imprisonment in Violation of the Right to Freedom From Unreasonable Search and Seizure in Violation of Article I, § 6 of the Rhode Island Constitution

42.     Defendants, acting under the color of state law, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, violated Plaintiff's right to freedom from unreasonable search and seizure, causing Plaintiff to suffer harm as aforesaid, and have thereby deprived Plaintiff of rights secured under Article I, § 6 of the

Rhode Island Constitution, direction actionable in accordance with *Jones v. State of Rhode Island*, 724 F. Supp. 25 (D.R.I. 1989).

## COUNT SEVEN
### False Arrest/Imprisonment in Violation of the Common Law

43.     Defendants, by their individual and/or other concerted acts and/or omissions, including but not limited to those described herein, arrested and detained Plaintiff without probable cause and with no other legal justification, in violation of the common law of the State of Rhode Island, thereby causing Plaintiff harm as aforesaid.

## COUNT EIGHT
### Malicious Prosecution in Violation of the Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. § 1983

44.     Defendants, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, caused criminal charges to be brought and prosecuted against Plaintiff, without probable cause and with malice, causing Plaintiff to suffer harm as aforesaid, and have thereby deprived Plaintiff or rights secured under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. § 1983.

## COUNT NINE
### Malicious Prosecution in Violation of Article I, § 2 of the Rhode Island Constitution

45.     Defendants, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, caused criminal charges to be brought and prosecuted against Plaintiff, without probable cause and with malice, causing Plaintiff to suffer harm as aforesaid, and have thereby deprived Plaintiff or rights secured under Article I, § 2 of the Rhode Island Constitution, directly actionable in accordance with *Jones v. State of Rhode Island*, 724 F. Supp. 25 (D.R.I. 1989).

## COUNT TEN
### Common Law Malicious Prosecution

46.     Defendants, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, have caused criminal charges to be brought and prosecuted against Plaintiff, without probable cause and with malice, in violation of the common law of the State of Rhode Island, causing Plaintiff to suffer harm as aforesaid.

### VII.   Prayers for Relief

WHEREFORE**,** Plaintiff prays that this Court grant the following relief:

1.     An appropriate form of declaratory judgment declaring that the actions of Defendants complained of herein violated Plaintiff's right to be free from unreasonable search and seizure, including freedom from excessive force, and constituted assault and battery, false arrest/imprisonment, and/or malicious prosecution under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, action pursuant to 42 U.S.C. § 1983, Article I, §§ 2 and 6 of the Rhode Island Constitution, directly actionable in accordance with *Jones v. State of Rhode Island*, 724 F. Supp. 25 (D.R.I. 1989) and under the laws of the State of Rhode Island.

2.     An appropriate form of declaratory judgment declaring that the policies and practices of the Defendant City complained of violated Plaintiff's right to be free from unreasonable search and seizure, including freedom from excessive force, and constituted assault and battery, false arrest/imprisonment, and/or malicious prosecution under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, action pursuant to 42 U.S.C. § 1983, Article I, §§ 2 and 6 of the Rhode Island Constitution, directly actionable in accordance with *Jones v. State of Rhode Island*, 724 F. Supp. 25 (D.R.I. 1989) and under the laws of the State of Rhode Island.

3.     Preliminary and permanent injunctions directing the Defendant City Police Department to properly select, train, instruct, supervise and/or discipline officers with regard to

the rights of individuals to be free from unreasonable search and seizure, including freedom from

the application of excessive force, false arrest/imprisonment, and malicious prosecution.

     4.     An award of compensatory damages.

     5.     An award of punitive damages.

     6.     An award of reasonable attorney's fees and costs of litigation pursuant to 42

U.S.C. §1988.

     7.     Such other and further relief as this Court deems just and proper.

**VIII**.  <u>**Demand for Jury Trial**</u>

Plaintiff hereby demands a trial by jury on all counts so triable.

**IX.**    <u>**Designation of Trial Counsel**</u>

Plaintiff hereby designates Gary G. Pelletier, Esquire, as trial counsel.

 

Plaintiff,
By his Attorneys,
**PELLETIER, CLARKE & CALEY, LLC**

<u>/s/ Gary G. Pelletier</u>
Gary G. Pelletier (RI Bar # 5723)
35 Touro Street
Newport, RI 02840
(401) 849-4400
(401) 619-3451 (fax)
Email:  gpelletier@pcclaw.net

Date:  April 6, 2021

**Page 10 of 10**