UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RAHKIM BLAKE,<br>    Plaintiff,<br><br>v.<br><br>CITY OF PROVIDENCE, *by and through its Treasurer James J. Lombardi*; JASON ANDRADE, *alias, individually and in his official capacity as a police officer in the City of Providence;* and WILLIAM F. HUTCHINSON, *alias, individually and in his official capacity as a police officer in the City of Providence,*<br>    Defendants. | C.A. No. 21-154-JJM-PAS |

## ORDER

Rahkim Blake alleges that after he entered the Foxy Lady night club lobby in Providence and greeted family members there, a Providence police officer approached Mr. Blake and told him to get to the back of the line. ECF No. 1 at 2. Words ensued, and the officer allegedly used excessive force by grabbing Blake by the neck, throwing him on the ground and placing him in a chokehold. *Id.* at 2. Another officer joined in the altercation. Both police officers deny the allegations of excessive force and seek summary judgment as to each count. ECF No. 26. The City of Providence, a named defendant, also moves for summary judgment. ECF No. 29.

## I. STANDARD OF REVIEW

The legal standard is well-settled: the Court must grant summary judgment if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). A fact is "material" if it might affect the outcome of the suit; a dispute is "genuine" if a reasonable jury could find for the non-moving party. *Id.* at 248. A party must also be entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). When making a summary judgment determination, the Court must review the entire record and consider the facts and inferences in the light most favorable to the non-moving party. *Cont'l Cas. Co. v. Canadian Univ. Ins.*, 924 F.2d 370, 373 (1st Cir. 1991).

## II. DISCUSSION

### A. City of Providence's Motion for Summary Judgment

Mr. Blake sued the City of Providence claiming that it did not properly train and supervise the two officers. ECF No. 1 at 4 ("Defendant Providence failed to properly select, train, instruct, supervise and/or discipline its police officers relative to the rights of individuals."). This claim falls under the doctrine established in *Monell v. City of New York, Dep't of Social Service*, 436 U.S. 658 (1978) because a municipality is not liable under respondeat superior in a § 1983 action. *Kelley v.*

*LaForce*, 288 F.3d 1, 9 (1st Cir. 2002) ("a municipality cannot be held liable under § 1983 for the actions of its employees based solely on a theory of *respondeat superior*. Rather, liability can be imposed on a local government only where that government's policy or custom is responsible for causing the constitutional violation or injury.").

As there is no evidence of the City's policies and procedures caused any injuries to Mr. Blake, no evidence of any training or lack of training by the City of its police officers, and no evidence of any proximate cause between these alleged actions/inactions and Mr. Blake's injuries, the Court GRANTS Summary Judgment as to the City of Providence. ECF No. 29.

### b. Jason Andrade and William Hutchinson's Motion for Summary Judgment

Mr. Blake alleges ten counts against Providence Officers Jason Andrade and William F. Hutchinson, which can be categorized as excessive force (42 U.S.C. § 1983 and state constitution–Counts 1 & 2); assault (Count 3); battery (Count 4); false arrest (42 U.S.C. § 1983, state constitution, and common law–Counts 5, 6 and 7); and malicious prosecution (42 U.S.C. § 1983, state constitution, and common law–Counts 8, 8 and 10).

i.  *State Constitutional Claims*

The Rhode Island Constitution does not provide a direct or private cause of action to address alleged wrongs–neither actual nor implied. *Kurland v. City of Providence by & through Lombardi*, No. 18-CV-440-MSM-LDA, 2024 WL 850680, at *10 (D.R.I. Jan. 11, 2024) ("The Rhode Island Supreme Court has consistently held that state constitutional provisions do not create a private cause of action without

3

legislative action."). *See, e.g., Folan v. State Dep't of Child., Youth, and Families,* 723 A.2d 287, 292 (R.I. 1999) (Article 1, § 2, anti-discrimination clause); *Doe v. Brown Univ.,* 253 A.3d 389, 401 (R.I. 2021) (Article 1, § 2, due process clause); *Felkner v. R. I. Coll.,* 203 A.3d 433, 447 (R.I. 2019) (Article 1, § 21, freedom of speech and right to assemble). As a result, the Court GRANTS Summary Judgment as to Counts 2, 6, and 9.

### ii. False Arrest Claims

The police officers arrested Mr. Blake and charged him with assaulting Officer Hutchinson, resisting his arrest, and carrying a knife with a blade more than three inches long. Mr. Blake argues that a reasonable jury could find that the police had no probable cause to arrest him for assault or resisting. Though Mr. Blake does not deny being in possession of the knife, he did not produce evidence to suggest officers did not have probable cause to carry out the arrest.

"Because probable cause is an objective standard, an arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense cited at the time of arrest or booking." *D.C. v. Wesby,* 583 U.S. 48, 55 (2018) (citing *Devenpeck v. Alford,* 543 U.S. 146, 153–155 (2004)). Because there was at least probable cause to arrest for the knife charge, the arrest could not sustain a false arrest claim. Thus, the Court GRANTS the Motion for Summary Judgment as to Counts 5 and 7.

### iii. Malicious Prosecution Claims

Malicious prosecution is another story. "[I]n contrast to false-arrest claims, probable cause as to one charge will not bar a malicious prosecution claim based on a

second, distinct charge as to which probable cause was lacking." *Mendonca v. City of Providence*, 170 F. Supp. 3d 290, 302 (D.R.I. 2016) (citing *Elmore v. Fulton Cnty. Sch. Dist.*, 605 Fed. Appx. 906, 915 (11th Cir. 2015); *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007); *Johnson v. Knorr*, 477 F.3d 75, 83–84 (3d Cir. 2007); *Posr v. Doherty*, 944 F.2d 91, 100 (2d Cir. 1991)). A jury could conclude after watching the video and reviewing all the evidence that the prosecution of the claims for assault and battery against Mr. Blake are distinct offenses and therefore require that prosecutors meet the probable cause burdens for each individual claim. When an individual is arrested, the seizure is the same whether the arrest was based on one or multiple grounds; but once an individual is prosecuted, each additional charge imposes additional costs and burdens. *Holmes*, 511 F.3d at 682.

Thus, the Court DENIES the Motion for Summary Judgment as to Counts 8 and 10.

### IV.   *Excessive Force, Assault, and Battery Claims*[1]

The United States Supreme Court has long held that excessive force claims under 42 U.S.C. § 1983 require evaluation under the reasonableness standard of the Fourth Amendment to the United States Constitution. *Graham v. Connor*, 490 U.S. 386, 396 (1989).

> Because the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, however, its proper application requires careful attention to the facts and

---

[1] The Court has already dismissed Count Two for excessive force brought under the Rhode Island state constitution. This section of the Order applies to the count for excessive force (Count 1), and the common law counts for assault (Count 3) and battery (Count 4).

> circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

*Id.* (internal citations and quotations omitted).

A review of the video, and other evidence presented, leads the Court to conclude that genuine issues of material fact remain as to whether the officers used excessive force, and/or assaulted and battered Mr. Blake. Similarly, a jury could reasonably infer from a review of the video and Mr. Blake's predicted testimony that an assault and battery occurred. As a result, the Court DENIES the Defendants' Motion for Summary Judgment as to Counts 1, 3 and 4.

### v. *Qualified Immunity*

A police officer may claim qualified immunity if a rule or constitutional principle was not clearly established at the time the alleged police misconduct occurred. "Courts should follow a two-part inquiry in order to determine whether a defendant is entitled to qualified immunity. We first ask, "whether the facts that a plaintiff has alleged ... make out a violation of a constitutional right." If so, we then ask, "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Haley v. City of Bos.*, 657 F.3d 39, 47 (1st Cir. 2011) (citations omitted).

"It goes without saying that the Fourth Amendment guarantees the right to be free from excessive force. Police officers need not be reminded that the Fourth Amendment prohibits them from" engaging in excessive force. *Howe v. Town of N. Andover*, 854 F. Supp. 2d 131, 143 (D. Mass. 2012); *see Champion v. Outlook*

6

*Nashville, Inc.*, 380 F.3d 893, 903 (6th Cir. 2004) ("clearly established that putting substantial or significant pressure on a suspect's back while that suspect is in a face-down prone position after being subdued and/or incapacitated constitutes excessive force"). Thus, because the Court found a genuine issue of material fact on the question of the use of excessive force, the qualified immunity defense fails.

### III. CONCLUSION

The Court GRANTS the City of Providence's Motion for Summary Judgment. ECF No. 29. The Court GRANTS IN PART AND DENIES IN PART Jason Andrade's and William F. Hutchinson's Motion for Summary Judgment as follows: Counts Two, Five, Six, Seven, and Nine are dismissed; Counts One, Three, Four, Eight, and Ten survive. ECF No. 26.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief United States District Judge

July 8, 2024